By the Court, Cowen, J.
It is impossible to say, after reading the recital of the facts in the deed from Rachael Eden to Renwick, that the $750, mentioned as the purchase money, formed the sole consideration of that deed. No one can doubt, that the supposed equitable claim of the defendant, arising out of the covenant by Medcef Eden the elder to convey, and the payment of the purchase money to Joseph Eden, made a part of the consideration. The material question therefore is, whether the power in the will of Medcef Eden the younger has been followed. Several cases were cited on the argument, to show the strictness with which the formal requisites of powers like the present must be followed. These may be laid out of view, except in so far as they can be supposed to bear on the question in principle; for there is no dispute that all formal requisites required by the power have been complied with.
The great objection is, that the power has not been pursued in its spirit, which, it is said, required a 'sale simply for a pecuniary consideration—for moneys, or, at least, their equivalent; inasmuch as the power looks expressly to the whole consideration of the sales being invested for the purposes of the will. That the power intended this, cannot be disguised nor that such intent has been departed from, by the execution of the deed, in part on a different consideration. The power was a naked one. The grantor had no title of her own in trust, or otherwise. It contains substantially a direction to sell for cash, or its equivalent— something which may be invested. It is like a power to demise on the ancient rent: a demise for less, in such case, will be void. There can be no difference between the rule at law or in equity. If a naked power be not pursued, the deed is void. The cases cited on the argument, of deeds from collectors of taxes, are familiar instances. Clarke's Lessee v. Courtney, (5 Peters, 319, 347,) will be found an authority to guide us in the construction of a power like this—i. e. a naked power. There, the sale was held void at law. Taylor v. Galloway, (1 Ham. Ohio R. 232,) in one *115 of its branches, is precisely in point, both as to .construction, and the effect of making a grant under a testamentary power of this1 kind, for a consideration different from what was contemplated by the will. The sale was held void in equity. So, a naked statute power to sell for the payment of the debts due from a testator, or intestate, will not warrant any sale, with an object different from the raising of money, and the payment of debts. (Bridgewater v. Brookfield, 3 Cowen, 299.) (a)
Not only must the forms required by such powers be followed, but their purpose; and if a defect, in either respect, appear on the face of the deed, it is void, not only in equity, but at law also.
A contrary doctrine, applied to cases like the one at bar, would enable persons, having powers of sale under last wills, to sacrifice the rights of devisees, by merely surmising some equitable consideration by way of recital; for, the attempt to establish such a consideration was not here made at the trial, independently of the recitals. Surely the testator never intended that the donee of the power should have authority to bind his estate by recitals, even if she could take actually outstanding claims into the account. But she could not.
If there be any claim by the defendant,- capable of being enforced in a court of chancery, she must go to that tribunal, where her equity may be considered on the proper allegations and proofs.
It is not necessary to say, whether we have power, at law, to notice the question raised on the inadequacy of the pecuniary consideration. We are of opinion that the deed was void for the reasons given, independently of the objection that, in 1826, $750 was grossly inadequate to the real value, as proved by Berrien.
New trial granted.

 In respect to the requisites of deeds, given under powers of a public nature, as well as the mode of proving them, see the cases cited in Cowen Hill’s Notes to 1 Pldll. Ev., pp. 868, 1288, et seq.